## CISSEL *v.* DUTCH.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF
COLUMBIA.

No. 153.   Argued January 31, February 1, 1888. — Decided March 19, 1888.

In this case this court reversed the decree of the general term of the
Supreme Court of the District of Columbia, on a question of fact as to
whether a deed of trust and a promissory note secured thereby were for-
geries.

BILL IN EQUITY.   The case is stated in the opinion of the
court.

*Mr. T. A. Lambert* and *Mr. Enoch Totten* for appellant.

*Mr. S. S. Henkle* for appellees.   *Mr. Francis Miller* filed a
brief for same.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought to the Supreme Court of
the District of Columbia, by persons claiming to own a lot of
land in the city of Washington, as the heirs at law of one
Jenifer, and as devisees under his last will and testament.

The bill alleges that a deed of trust, purporting to have been
executed on the 8th of July, 1875, by Jenifer, to R. P. Dodge
and P. A. Darneille, conveying the land to them as security
for the payment of a promissory note dated that day, purport-
ing to have been made by Jenifer, payable two years after date,
for $1000, with 10 per cent interest until paid, payable semi-
annually, to John T. Hall, or order, was a forgery, and that
the note was also a forgery.   The deed of trust bears the
notarial certificate, dated July 8, 1875, with the notarial seal,
of James Nicholas Callan, a notary public, certifying that
Jenifer, the party to the deed, personally appeared before
him, in the county of Washington, being personally well
known to him to be the person who executed the deed, and

acknowledged it to be his act and deed. The deed was recorded on the 10th of July, 1875, in a book of the land records for Washington County. The note and the deed of trust were each of them signed by Jenifer by making his mark, and each of them bears the signature of Callan as a witness.

The bill alleges that Jenifer was never indebted to Hall in any sum, and never received any money from Hall; that Jenifer never signed or made his mark to the note or deed of trust, or authorized any one to do so, and never acknowledged the deed to Callan; and that on the 29th of May, 1882, the two trustees, having advertised the premises for sale, sold them at public sale to one Cissel, and executed to him a deed of the premises, which has been recorded in the land records of the district. In an amendment to the bill it is alleged that the note and the deed of trust came into the possession of one Brittania W. Kennon, who held them on the day of the sale, and ordered the sale. The two trustees, and Hall, Cissel, and Kennon are made parties to the bill. The prayer of the bill is, that the deed of trust and the note, and the deed to Cissel, be declared null and void, and be cancelled, and that Cissel reconvey the premises to the plaintiffs. Dodge, Darneille, and Cissel each answered the bill by a separate answer, denying its allegations as to the alleged forgeries, and averring that the note and the deed of trust were genuine and valid instruments. The plaintiffs joined issue, by replication, with the defendants Dodge, Darneille, and Cissel. Proofs were taken on both sides, and the case was heard before the court in special term, which dismissed the bill. On an appeal by the plaintiffs to the court in general term, it reversed the decree of the special term, and adjudged the note, and the deed of trust, and the deed to Cissel to be void, and directed an account, in favor of the plaintiffs, of the mesne profits received by Cissel. From the decree of the general term Cissel has appealed to this court.

The issue is one entirely of fact, in which the burden of proof is upon the plaintiffs. Callan, the notary public, testifies with particularity to the circumstances attending the exe-

cution of the note and of the deed of trust in his presence, and to the acknowledgment of the latter before him, and to his signing his name as a witness to the execution of each. It is also satisfactorily shown that the $1000 secured by the note passed from the lender to the agent of the borrower. It would serve no good purpose to discuss the evidence at length. The integrity of the transaction is not satisfactorily impeached.

*The decree of the court below, in general term, is reversed, and the case is remanded to it, with a direction to affirm, with costs, the decree of the court in special term.*